**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Claude Melvin BEAN, Defendant-
Appellant.**

**No. 30331.**

United States Court of Appeals,
Fifth Circuit.

May 26, 1971.

Jimmy D. Ashley, J. Monty Bray, Houston, Tex., for defendant-appellant.

Seagal V. Wheatley, U. S. Atty., El Paso, Tex., Henry J. Novak, Jr., Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before SKELTON *, Judge, and MORGAN and CLARK, Circuit Judges.

CLARK, Circuit Judge:

Claude Melvin Bean was found guilty by a jury on two counts charging violations of 18 U.S.C.A. § 472 (1966), which proscribes uttering counterfeit obligations and was sentenced to concurrent 5-year terms on each count. The photographic identification procedures utilized in connection with one utterance were prejudicially erroneous and, lacking the consequent identification, the evidence was insufficient to show intent as to the other count.

On November 22, 1969, in San Antonio, Tezas, Bean entered a small drive-in grocery store at approximately 8:30 A. M. and purchased a package of cigars and a newspaper for 83 cents, for which he gave the clerk a counterfeit twenty-dollar bill. As Bean removed the bill from his wallet, the clerk noticed that the wallet contained bills of a denomination smaller than the twenty. After Bean had been given his change and had started out the door, the clerk noticed

---

* Honorable Byron G. Skelton, U. S. Court of Claims, sitting by designation.

that the bill looked and felt funny. The clerk then went to the front door where he observed Bean getting into a car parked several spaces away from the front of the store despite the fact that all spaces in front of the store were vacant. Bean readily admitted making these purchases and paying for them with the counterfeit bill but denied knowing that it was bogus.

Several hours later, a 57 cent cigar purchase occurred in Austin, Texas at a similar convenience-type food store. Payment here was also made with a counterfeit twenty-dollar bill. It was established by Secret Service testimony that both the bill passed by Bean in San Antonio and the bill subsequently passed in Austin were of identical manufacture. The government contends that this second bill, like the first, was passed by Bean. Bean, however, while admitting to being in Austin as part of a family outing to the San Antonio zoo and the State Capitol, denies, without reservation, that he went into any such food store in Austin at any time.

■ At trial Mrs. Phyllis Cannon, a cashier at the Austin food store, testified that on the morning in question she had ample time to observe a man about five feet nine inches tall, who was heavily built and had dark hair, enter her store and utter the illicit paper, which she believed to be counterfeit. Mrs. Cannon further testified that some 19 days after she received the counterfeit bill, she was interviewed by a Secret Service agent. Over Bean's objection, Mrs. Cannon identified a picture of an individual who she thought gave her the bill. Without attempting to elicit an in-court identification, the trial court admitted what was purportedly a picture of Bean into evidence as being a photograph of the person who gave Mrs. Cannon the counterfeit bill.

On cross-examination, Mrs. Cannon admitted that her identification of a picture of the man, who gave her the bill, was only tentative when originally made. In fact, the Secret Service agent who then interviewed her also testified that

Mrs. Cannon indicated that she would need to see the man in person before she could make a positive identification. The weakness of Mrs. Cannon's photographic identification is magnified since, on two separate occasions while she was on the witness stand, Mrs. Cannon was asked if she saw the person in the courtroom who gave her the note and she replied positively on both occasions that she did not, despite the fact that Bean was seated in her plain view each time. Additionally, Bean's physical description did not come close to fitting Mrs. Cannon's description of the counterfeiter.

The admission of a purported picture of a criminal defendant into evidence based only upon such a tentative identification and without an accompanying in-court identification is prejudicially erroneous. The use of such a procedure to establish identity is a wholly unreliable and insubstantial basis upon which to predicate guilt. "The actual in-court identification is the crux of the matter." United States v. Ballard, 423 F.2d 127, 133 (5th Cir. 1970). Since the essential in-court identification was lacking, we pretermit any discussion of the method employed in developing the photographic identification in the presence of the jury. *Cf.* United States v. Sutherland, 428 F.2d 1152 (5th Cir. 1970).

■ The fall of the photograph not only undoes the Austin count, it destroys the efficacy of the San Antonio count as well, because without evidence linking Bean to the Austin transaction, the remaining evidence is insufficient to prove guilty knowledge as to the admitted San Antonio passing.

■ It is well established in this circuit that the mere passage of a counterfeit bill is not sufficient to show the requisite illicit knowledge. United States v. Alea, 433 F.2d 948 (5th Cir. 1970); Paz v. United States, 387 F.2d 428 (5th Cir. 1967); Ruiz v. United States, 374 F.2d 619 (5th Cir. 1967). These cases speak of some of the numerous circumstances from which a jury

might reasonably infer that the accused knew the money he passed was counterfeit. Furtive conduct, repeated purchases with large bills rather than change received from earlier purchases, attempts to abandon counterfeit currency, acquisition of bills by the accused at a discount, or knowledge that the bill had been previously turned down as being no good have been deemed sufficient to support a finding of guilty knowledge. We reject, however, the government's argument that taking a large bill from a wallet containing smaller bills to pay for an 83 cent purchase is, without more, sufficient to constitute evidence of guilty knowledge.

Our disposition of the case in this manner obviates the need to discuss Bean's other appellate contentions. Bean should not be tried again unless evidence of guilty knowledge is developed additional to that presented at the trial appealed from.

Reversed and remanded for proceedings not inconsistent with this opinion.