## SAPIR v. UNITED STATES.

No. 534.   Decided March 7, 1955.

Sam Dazzo for petitioner.

Solicitor General Sobeloff, Assistant Attorney General Olney, Beatrice Rosenberg and Joseph A. Barry for the United States.

Per Curiam.

The petition for writ of certiorari is granted.

We believe that the judgment of the Court of Appeals of October 20, 1954, reversing and remanding this cause with instructions to dismiss the indictment was correct. It is not necessary for us to pass on the question presented under its subsequent judgment of November 17, 1954, directing a new trial. We vacate the latter judgment, which directed the new trial, and we reinstate the former one which instructed the trial court to dismiss the indictment.

Mr. Justice Douglas, concurring.

Petitioner was convicted by the jury of a conspiracy to defraud the United States. Petitioner moved for a judgment of acquittal. The District Court denied the motion. On appeal, the Court of Appeals held that that motion should have been granted, as the evidence

was insufficient to convict. 216 F. 2d 722. It accordingly reversed and remanded the cause with instructions to dismiss the indictment. Later, the Government moved to amend the judgment so as to grant a new trial on the ground of newly discovered evidence. The Court of Appeals granted the motion of the Government.

The granting of a new trial after a judgment of acquittal for lack of evidence violates the command of the Fifth Amendment that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb."

The correct rule was stated in *Kepner* v. *United States,* 195 U. S. 100, at 130, "It is, then, the settled law of this court that former jeopardy includes one who has been acquitted by a verdict duly rendered . . . ." If the jury had acquitted, there plainly would be double jeopardy to give the Government another go at this citizen. If, as in the *Kepner* case, the trial judge had rendered a verdict of acquittal, the guarantee against double jeopardy would prevent a new trial of the old offense. I see no difference when the appellate court orders a judgment of acquittal for lack of evidence.

If petitioner had asked for a new trial, different considerations would come into play, for then the defendant opens the whole record for such disposition as might be just. See *Bryan* v. *United States,* 338 U. S. 552. And see *Trono* v. *United States,* 199 U. S. 521; *Stroud* v. *United States,* 251 U. S. 15, 18; *Francis* v. *Resweber,* 329 U. S. 459, 462. Moreover, a reversal by the appellate court on grounds of error that infected the trial would also be different, as *Palko* v. *Connecticut,* 302 U. S. 319, shows. But an acquittal on the basis of lack of evidence concludes the controversy, as the *Kepner* case holds, and puts it at rest under the protection of the Double Jeopardy Clause, absent a motion by the defendant for a new trial.