**Rose MILLER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 15405.**

United States Court of Appeals
Fifth Circuit.

June 30, 1955.

Rehearing Denied Sept. 9, 1955.

G. W. Gill, New Orleans, La., Ray Sandstrom, Hollywood, Fla., Albert M. Lehrman, Miami Beach, Fla., for appellant.

J. Edward Worton, Asst. U. S. Atty., James L. Guilmartin, U. S. Atty., Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, JONES, Circuit Judge, and WRIGHT, District Judge.

PER CURIAM.

The appellant was indicted for perjury under 18 U.S.C.A. § 1621. The indictment was in a single count containing a number of specifications charging false testimony before a grand jury regarding appellant's relationship to several named persons. At the conclusion of the Government's case, the appellant made a motion for acquittal. The trial court denied the motion but said that the jury would be instructed to disregard the evidence except as related to one of the persons who were the subject of the alleged perjured testimony. In the Court's charge the jury was instructed not to consider evidence relating to the other persons named in the indictment. Following a verdict of guilty and within five days, the appellant's attorney renewed his motion for judgment of acquittal, including in the alternative a motion for a new trial. Rule 29, Federal Rules Criminal Procedure, 18 U.S.C.A. The trial court entered an order granting a new trial under Rule 33, "as

required in the interest of justice upon the ground that the evidence produced at the trial was not sufficient to support a conviction of the offenses charged in the indictment."

A second trial was had, a motion for judgment of acquittal was made and denied, and a verdict of guilty was returned. The appellant was sentenced to a year and a day. Apparently under the misapprehension that the law fixed a minimum term of a year and a day (Rec. 276), the district judge imposed that sentence upon her. In imposing the sentence, the court stated: "That is a very light sentence for this offense. It is light because I feel that your testimony really had no particular bearing upon the matters under investigation. In other words, you did not testify or conceal anything that wasn't known, but, nevertheless, it was false testimony".

Putting forward two grounds, appellant is here seeking reversal. The first and most relied on is the claim that the court having granted a new trial on the stated ground, "that the evidence produced at the trial was not sufficient to support a conviction of the offenses charged in the indictment", the second trial on the same evidence put the defendant twice in jeopardy.

The second ground is that there is absent a showing that the testimony attributed to the defendant before the grand jury was material to any investigation which was then being conducted by it.

■ The short and complete answer to the first ground is that defendant having moved for and been granted a new trial, he must take the burden with the benefit and go back for a new trial on the whole case. Valentin Trono v. U. S., 199 U.S. 521, 26 S.Ct. 121, 50 L.Ed. 292. Cf. what is said in Sapir v. U. S., 348 U.S. 373, 75 S.Ct. 422, 423, in discussing the effect of a motion for a new trial:

"If petitioner had asked for a new trial, different considerations would come into play, for then the defendant opens the whole record for such disposition as might be just. See Bryan v. United States, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335 [affirming Bryan v. U. S., 5 Cir., 175 F.2d 233] and see [Valentin] Trono v. U. S., 199 U.S. 521, 26 S.Ct. 121, 50 L.Ed. 292; Stroud v. U. S., 251 U.S. 15, 18, 40 S.Ct. 50, 51, 64 L.Ed. 103; State of Louisiana ex rel. Francis v. Resweber, 329 U.S. 459, 462, 67 S. Ct. 374, 375, 91 L.Ed. 422."

■ As to the second ground, a complete answer is that no such position was taken on the trial of the case below, either by motion to direct a verdict on the ground that the testimony was not material or by an exception to the charge which submitted to the jury whether there was false swearing and whether the thing or matter sworn to was material to the lawful inquiry being then made to the grand jury. If, however, we should consider the point as properly raised below and preserved here, appellant would stand no better, for it is clear that, within the meaning and intent of the statute and the decisions under it, the matter sworn to was material to the grand jury's inquiry. Blackmon v. U. S., 5 Cir., 108 F.2d 572; Sinclair v. U. S., 279 U.S. 263, 49 S.Ct. 268, 73 L.Ed. 692.

No error being made to appear, the judgment is affirmed.

■ In view, however, of the judge's stated view, that the sentence he was imposing was the minimum allowed by law, we think we should call to his attention that it is within his competence, if he desires to do so, at any time within sixty days after the sentence has become final, to resentence the defendant for such lesser term and under such terms as he may then deem right and proper. Rule 35, F.R.C.P., Title 18 U.S.C.A.