William R. FORMAN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 15324.

United States Court of Appeals
Ninth Circuit.

Feb. 26, 1959.

S. J. Bischoff, George W. Mead, Portland, Or., for appellant.

Charles P. Moriarty, U. S. Atty., Seattle, Wash., John S. Obenour, Jr., Asst. U. S. Atty., Tacoma, Wash., for appellee.

Before POPE, HEALY and FEE, Circuit Judges.

PER CURIAM.

On September 15, 1958 we handed down our decision herein reversing the judgment with directions to enter judgment for the appellant. 9 Cir., 259 F.2d 128. On October 27, 1958, upon petition for rehearing filed by appellee, we modified our decision so as to provide that the judgment was reversed and the cause remanded for a new trial. 9 Cir., 261 F.2d 181. This action was followed by a petition for further rehearing filed on behalf of the appellant in which the latter asserts that this court is without power to order a new trial.

Appellant's principal reliance is upon the case of Sapir v. United States, 348 U.S. 373, 75 S.Ct. 422, 423, 99 L.Ed. 426, where the court summarily reversed the action of a court of appeals which modified an earlier opinion ordering an indictment dismissed so as to order a new trial.

In a concurring opinion Mr. Justice Douglas explained his view of that case as follows:

"The granting of a new trial after a judgment of acquittal for lack of evidence violates the command of the Fifth Amendment that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'

"The correct rule was stated in Kepner v. United States, 195 U.S. 100, at page 130, 24 S.Ct. 797, at page 805, 49 L.Ed. 114, 'It is, then, the settled law of this court that former jeopardy includes one who has been acquitted by a verdict duly rendered * * *.' If the jury had acquitted, there plainly would be double jeopardy to give the Government another go at this citizen. If, as in the Kepner case, the trial judge had rendered a verdict of acquittal, the guarantee against double jeopardy would prevent a new trial of the old offense. I see no difference when the appellate court orders a judgment of acquittal for lack of evidence."

We think the case before us presents an entirely different situation. In the Sapir case the Court of Appeals held that the evidence "did not establish an essential element of the offense charged" and that the trial court should have entered a judgment of acquittal. Sapir v. United States, 10 Cir., 216 F.2d 722, 724. Thus, in the words of Mr. Justice Douglas, the appellate court ordered "a judgment of acquittal for lack of evidence".

But in the case before us we did no such thing. We held that the case was submitted to the jury on an impermissible theory. The jury was simply not properly instructed. But as we noted in our modifying opinion, the indictment was sufficient here to present an alternative theory. Furthermore the record contains evidence which would tend to sustain proof of overt acts listed in the indictment which took place as late as 1948, 1951 and 1952.

Under this permissible alternative theory, while prosecution could be supported by proof of the filing of the false returns, the conspiracy was by no means consummated then. Under this theory the conspiracy continued past the filing of the returns for the purpose of evading collection of the tax.

Since the indictment permitted prosecution on that theory, since there was evidence to support it, this was not a reversal on the basis of lack of evidence; it was for error in the instructions, a ground of error, in the words of Mr. Justice Douglas, "that infected the trial".

■ Appellant renews his objection to the venue. We agree with the Government's contention that since some earlier overt acts were committed in the Southern Division while the later acts took place in the Northern Division, venue requirements were satisfied, notwithstanding only the later acts satisfy the requirements of the statute of limitations.

Appellant's petition for rehearing is denied.