Robert F. STROUD, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6442.

United States Court of Appeals Tenth Circuit.

Oct. 4, 1960.

**138**

Harry W. Colmery, Topeka, Kan., and Douglas Hudson, Fort Scott, Kan., for appellant.

Wilbur G. Leonard, U. S. Atty., Topeka, Kan., for appellee.

Before PHILLIPS, LEWIS and BREITENSTEIN, Circuit Judges.

**PER CURIAM.**

On a third trial Stroud was convicted upon an indictment returned in the United States District Court for the District of Kansas, hereinafter referred to as the District Court, which charged him with the offense of first degree murder, and was sentenced to death by hanging. This is an appeal from an order denying a motion filed by Stroud in the District Court, pursuant to 28 U.S.C.A. § 2255, to vacate the judgment and sentence and dismiss the indictment.

The essential facts set forth in a written stipulation filed in the District Court are these:

While serving a term of imprisonment in the United States Penitentiary at Leavenworth, Kansas, Stroud on March 26, 1916, assaulted and killed Andrew F. Turner, a guard at such penitentiary. For that offense the indictment referred to above, charging him with murder in the first degree in violation of §§ 273 and 275 of the Federal Penal Code of 1910, 18 U.S.C.A. § 1111, was returned on April 13, 1916. At the May, 1916, term of the District Court he was tried on the indictment and the jury returned a verdict of "guilty of murder in the first degree as charged in the indictment" and

Stroud was sentenced to be hanged. Stroud sued out a writ of error to the United States Court of Appeals for the Eighth Circuit and filed a motion for an order permitting him to prosecute the writ as a poor person. On the hearing of that motion the Court of Appeals on December 19, 1916, after having heard the statement of the United States Attorney, entered an order reversing the judgment and sentence and remanding the cause, with directions to grant a new trial.

At the May, 1917, term of the District Court Stroud was tried a second time on such indictment and the jury returned a verdict of "guilty as charged in the indictment, without capital punishment." On May 28, 1917, the District Court sentenced him to imprisonment in the United States Penitentiary at Leavenworth, Kansas, "for the period of his natural life."

In August, 1917, Stroud sued out a writ of error to the Supreme Court of the United States and prayed that the judgment of conviction and sentence to life imprisonment be reversed. On February 4, 1918, the United States, by Honorable John W. Davis, Solicitor General, filed a written pleading in which it confessed error and moved the Court to reverse the judgment and remand the case to the District Court for a new trial. On February 4, 1918, the Supreme Court entered an order in which it reversed the judgment on the confession of error filed by the Solicitor General and remanded the cause to the District Court "for further proceedings." The mandate issued by the Supreme Court commanded that "Such further proceedings be had in said cause, in conformity with the judgment of this Court, as according to right and justice and the laws of the United States, ought to be had, the said writ of error notwithstanding." In pursuance of the mandate the District Court entered an order vacating the judgment and sentence and ordered that a new trial be had.

At the May, 1918, term of the District Court, Stroud again was placed on trial on the indictment. He timely filed a plea

in bar, setting out as his grounds, among others, that:

"(1) * * * to force defendant into trial for the same offense would be violative of the double jeopardy clause of the Fifth Amendment to the Constitution of the United States and

"(2) to try the defendant for his life after a jury had once spared it, would be to put him twice in jeopardy of his life for the same offense and would violate the Fifth and Seventh Amendments to the Constitution of the United States."

The plea was overruled. On the trial the jury returned a verdict finding Stroud "guilty of murder in the first degree as charge in the indictment" and Stroud was again sentenced to be hanged.[1] From that judgment and sentence Stroud sued out a writ of error to the Supreme Court of the United States and prayed that the judgment be reversed. The Supreme Court affirmed the judgment and sentence and issued its mandate accordingly. The mandate was duly filed in the District Court and on March 5, 1920, the District Court entered its order fixing April 23, 1920, as the date for the execution of the judgment and sentence. Thereafter, on April 16, 1920, President Wilson commuted the sentence to imprisonment for life in a penitentiary to be designated by the Attorney General.

The basic question presented on this appeal[2] is whether Stroud by the third trial at the May, 1918, term of the District Court was twice put in jeopardy for the same offense in violation of the double jeopardy clause in the Fifth Amendment to the Constitution of the United States.

If we clearly understand the contention of counsel for Stroud, it is that the reversal of the judgment and sentence was brought about, not by Stroud, but by the United States, acting through the Solicitor General, by confessing error and

moving that the judgment and sentence be reversed and the cause remanded for a new trial. But the matter of double jeopardy was squarely presented by Stroud and decided adversely 'to him by the Supreme Court on his writ of error from the judgment and conviction on his third trial. Stroud v. United States, 251 U.S. 15, 40 S.Ct. 50, 51, 64 L.Ed. 103. In that opinion the Court said:

"It is alleged that the last trial of the case had the effect to put the plaintiff in error twice in jeopardy for the same offense in violation of the Fifth Amendment to the Constitution of the United States. From what has already been said it is apparent that the indictment was for murder in the first degree; a single count thereof fully described that offense. Each conviction was for the offense charged. It is true that upon the second trial the jury added 'without capital punishment' to its verdict, and sentence for life imprisonment was imposed. This recommendation was because of the right of the jury so to do under section 330 of the Criminal Code, Act March 4, 1909, c. 321, 35 Stat. 1152; 10 U.S.Comp.Stats., § 10504. This section permits the jury to add to the verdict, where the accused is found guilty of murder in the first degree, 'without capital punishment,' in which case the convicted person is to be sentenced to imprisonment for life. The fact that the jury may thus mitigate the punishment to imprisonment for life did not render the conviction less than one for first degree murder. Fitzpatrick v. United States, 178 U.S. 304, 307 [20 S.Ct. 944, 44 L.Ed. 1078].

"The protection afforded by the Constitution is against a second trial for the same offense. Ex parte Lange, 18 Wall. 163 [21 L.Ed. 872]. Kepner v. United States, 195 U.S.

---

1. It is that judgment and sentence to which the motion to vacate is directed.

2. The motion to vacate raised a second

ground, but the issue with respect thereto has become moot and has been abandoned by Stroud.

100 [24 S.Ct. 797, 49 L.Ed. 114] and cases cited in the opinion. Each conviction was for murder as charged in the indictment, which, as we have said, was murder in the first degree. In the last conviction the jury did not add the words 'without capital punishment' to the verdict, although the court in its charge particularly called the attention of the jury to this statutory provision. In such case the court could do no less than inflict the death penalty. Moreover, the conviction and sentence upon the former trials were reversed upon writs of error sued out by the plaintiff in error. The only thing the appellate court could do was to award a new trial on finding error in the proceeding, thus the plaintiff in error himself invoked the action of the court which resulted in a further trial. In such cases he is not placed in second jeopardy within the meaning of the Constitution. Trono v. United States, 199 U.S. 521, 533 [26 S.Ct. 121, 50 L.Ed. 292]."

■ We are precluded, we think, by the decision of the Supreme Court from granting Stroud relief now on the ground that he was subjected to double jeopardy by the third trial.

■■ Moreover, as stated by the Supreme Court, Stroud sued out a writ of error to the Supreme Court from the judgment and sentence on the second trial and raised alleged errors at such trial, which the Solicitor General confessed. We think the reversal was brought about by the writ of error sued out by Stroud, as much so as it would have been had the Solicitor General challenged the alleged error, rather than confessed it. When a defendant seeks reversal of a judgment of conviction and sentence by appeal or writ of error for alleged error at the trial and the judgment results in reversal, it is his action, primarily, that brings about the reversal and a new trial should be ordered,[3] unless the reversal is for a ground that would render a new trial improper, as, for instance, on the ground the indictment was fatally defective, the evidence insufficient to support a conviction,[4] or that the defendant had been subjected to double jeopardy.

Except in cases like those instanced above, where a new trial would be improper, a new trial is a necessary consequence of a reversal of a judgment of conviction on a writ of error or appeal prosecuted by the defendant and we do not think a request by the United States that in the event of reversal a new trial be ordered nullifies the waiver by the defendant of former jeopardy, resulting from his having brought about a reversal of the judgment of conviction and sentence. A fortiori, a confession of error would not nullify such a waiver.

There is nothing in the record in the instant case that indicates the new trial following the second reversal was not proper and any question as to that matter was set at rest by the Supreme Court when, in its opinion in the Stroud case, it said: "The only thing the appellate court could do was to award a new trial on finding error in the proceeding, * * *."

Affirmed.

---

3. Stroud v. United States, 251 U.S. 15, 18, 40 S.Ct. 50, 64 L.Ed. 103.

4. Sapir v. United States, 348 U.S. 373, 374, 75 S.Ct. 422, 99 L.Ed. 426; See also: Forman v. United States, 361 U.S. 416, 80 S.Ct. 481, 4 L.Ed.2d 412.