**Walter TAYLOR, Petitioner,**

v.

**C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 67–C–98–R.**

United States District Court
W. D. Virginia,
Roanoke Division.

Feb. 14, 1968.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus, filed in forma pauperis by a state prisoner pursuant to 28 U.S.C. § 2254.

Petitioner is currently serving a term of eight years in the Virginia State Penitentiary, pursuant to his conviction for robbery by violence, on July 9, 1965, in the Hustings Court for the City of Roanoke. Petitioner did not make a timely appeal of his conviction to the Virginia Supreme Court of Appeals.

Petitioner filed a petition for a writ of habeas corpus in the Hustings Court of the City of Richmond attacking his sentence on the grounds that he was placed in double jeopardy and that there was insufficient evidence to convict him. Said petition was dismissed on March 22, 1966 for the reason that the petition was insufficient in law. Petitioner did not seek appellate review of the aforementioned judgment of the Hustings Court of the City of Richmond, and accordingly petitioner has failed to exhaust his state remedies. Thus it is within this court's power to dismiss the petition for further proceedings in the state courts. However, this court has considered the petition because as a matter of law the petition fails to state a claim upon which relief can be given.

Accepting all of petitioner's allegations as true, the facts are: Petitioner was tried and convicted of robbery by violence in the Hustings Court for the City of Roanoke. On May 25, 1965 the trial court granted petitioner's motion to set aside the verdict and order a new trial. On July 9, 1965 petitioner was again tried in the Hustings Court for the City of Roanoke, and was convicted of robbery by violence and sentenced to eight years imprisonment in the Virginia State Penitentiary. Petitioner contends that his conviction at his new trial placed him in double jeopardy in violation of the Fifth Amendment to the United States Constitution.

Petitioner's claim is without merit. There is no violation of the guarantee against double jeopardy when an accused is granted a new trial on his own motion. Chalupiak v. United States, 256 F.2d 144 (6th Cir. 1958); Miller v. United States, 224 F.2d 561 (5th Cir. 1955).

Petitioner's sole allegation being insufficient in law, it is therefore adjudged and ordered that this petition be, and hereby is denied.

A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.