**John Hugh MELTON, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 9878.**

United States Court of Appeals
Tenth Circuit.

July 18, 1968.

Emmett Colvin, Jr., Dallas, Tex., for appellant.

Robert L. Berry, Asst. U. S. Atty. B. Andrew Potter, U. S. Atty., was with him on the brief), for appellee.

Before MURRAH, Chief Judge, and WILBUR K. MILLER * and BREITEN-STEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant-defendant was indicted on three charges of violation of 18 U.S.C. § 2421 by the interstate transportation of a woman named Unruh for purposes of prostitution. The jury convicted on all counts and defendant received consecutive sentences.

Unruh testified before the grand jury which returned the indictment and at the trial. Before the trial, at the conclusion of Unruh's testimony at the trial, and again after the closing of the evidence, the defendant moved for the production of Unruh's testimony before the grand jury. A court reporter was present at the grand jury proceedings but his notes had not been transcribed. The defendant offered to pay the cost of transcription. The district court denied the motions for production.

---

* Of the District of Columbia Circuit, sitting by designation.

■■ In Cargill v. United States, 10 Cir., 381 F.2d 849, 851, cert. denied 389 U.S. 1041, 88 S.Ct. 781, 19 L.Ed.2d 831, we recognized that a particularized need of the defense for grand jury testimony must be shown before the defense is entitled to the testimony, and we interpreted Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973, as holding that "such need is shown when the defense states that it wishes to use the transcript for the purpose of impeaching a witness, to refresh his recollection, or to test his credibility." In support of the motion for inspection, defense counsel said that the grand jury transcript "will give us an opportunity to establish an inconsistency." Although the precise language of Cargill is not followed, the purpose of showing an inconsistency is to impeach or test credibility. We believe that the Cargill particularized need test is satisfied.

■ The government argues that the request for inspection was properly denied because the reporter's notes had not been transcribed. We have held that grand jury testimony is not required to be recorded and, if no record of grand jury testimony exists, the government is under no obligation to produce it.[1] The situation at bar differs from that in which no record is made of the grand jury proceedings. Here a court reporter was present and a stenographic record was made of the testimony. We are unwilling to let the prosecution take advantage of the lack of transcription. Dennis v. United States, 384 U.S. 855, 873, 86 S.Ct. 1840, says that "it is rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant fact."

The government also argues that the failure to produce the grand jury record for inspection is not prejudicial error because a statement given by the witness Unruh was furnished to defense counsel before his cross-examination. This is no answer because the record was desired as a basis for impeachment and until it is produced it cannot be said whether it contains inconsistent statements or other matters bearing on credibility. The requested record should have been produced.

■■ Other points are raised but deserve little comment in view of the necessity for retrial. Evidence of unrelated offenses should not be received and the prosecution should not ask questions that are known to be likely to elicit such evidence. The prosecution should not call a witness in the presence of the jury when it knows, and concedes, that the witness will invoke a valid marital privilege.[2] On the record presented the claim of suppression by the prosecution of evidence favorable to the defendant is now moot.

Each of the three counts in the indictment charges a violation of 18 U.S.C. § 2421. The prosecution tried the case as if it were relying on § 2422 and paid little attention to the transportation *by defendant* requirement of § 2421. On Counts Two and Three the evidence of transportation is skimpy. From our study of the whole record we are unable to say whether on a retrial the government will be able to adduce sufficient evidence to warrant a guilty verdict on these counts.[3]

1. See Wyatt v. United States, 10 Cir., 388 F.2d 395, 396–397; Thompson v. United States, 10 Cir., 381 F.2d 664, 665; McCaffrey v. United States, 10 Cir., 372 F.2d 482, 484, cert. denied 387 U.S. 945, 87 S.Ct. 2079, 18 L.Ed.2d 1332; Welch v. United States, 10 Cir., 371 F.2d 287, 294, cert. denied 385 U.S. 957, 87 S.Ct. 395, 17 L.Ed.2d 303; and Campbell v. United States, 10 Cir.. 368 F.2d 521, 522.

2. See San Fratello v. United States, 5 Cir., 340 F.2d 560, 565–567, rehearing denied 343 F.2d 711.

3. See Thomas v. United States, 10 Cir., 239 F.2d 7, 10; Bryan v. United States, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335; Forman v. United States, 361 U.S. 416, 425–426, 80 S.Ct. 481, 4 L.Ed.2d 412; cf. Sapir v. United States, 348 U.S. 373, 75 S.Ct. 422, 99 L.Ed. 426.

The judgment is reversed and the case is remanded for a new trial on all three counts in accordance with the views expressed in this opinion.