**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert V. DOTSON, Defendant-Appellant.**

**No. 530–70.**

United States Court of Appeals,
Tenth Circuit.

April 14, 1971.

Frederick T. Berhenke, Denver, Colo., for defendant-appellant.

Glen S. Kelly, Asst. U. S. Atty., Kansas City, Kan. (Robert J. Roth, U. S. Atty., Wichita, Kan., on the brief), for plaintiff-appellee.

Before BREITENSTEIN and HILL, Circuit Judges, and LANGLEY, District Judge.

PER CURIAM.

Robert Dotson was charged and tried on two counts of unlawfully transporting a falsely made, forged, altered or counterfeited security with fraudulent intent, in violation of 18 U.S.C. § 2314. Motions for judgment of acquittal were timely made upon the ground that the prosecution had failed to establish the requisite fraudulent intent. Both motions were denied, as was the motion for a new trial, which, inter alia, urged identical grounds. The case was submitted to the jury and a verdict of guilty was rendered. After Dotson filed a notice of appeal, but prior to oral argument, the government confessed error admitting its failure to tender evidence to prove fraudulent intent. At the same time, the United States moved to remand the case for a new trial. Dotson opposes this motion and suggests that the conviction should be reversed and a judgment of acquittal entered. The disposition of the case frames the issue before us.

 We harbor no reservations that this court may either remand for a new trial, Bryan v. United States, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335 (1950); *see* Forman v. United States, 361 U.S. 416, 80 S.Ct. 481, 4 L.Ed.2d 412 (1960), or reverse with instructions to enter a

judgment of acquittal. Sapir v. United States, 348 U.S. 373, 75 S.Ct. 422, 99 L. Ed. 426 (1955); *see* Stroud v. United States, 283 F.2d 137 (10th Cir. 1960). "When a judgment of conviction is reversed for insufficiency of the evidence, the determination of whether the indictment should be dismissed or there should be a retrial rests within the discretion of the court." United States v. Howard, 432 F.2d 1188, 1191 (9th Cir. 1970) (concurring opinion). The statutory authority which grants federal appellate courts such latitude is 28 U.S.C. § 2106 which provides:

> The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.

Under the circumstances of this case, we conclude that it would be unjust to grant the government a second opportunity to succeed after having failed to make a sufficient case on the first try.

■ Dotson properly moved for a judgment of acquittal, alleging insufficient evidence. By admission of the government, the trial court should have sustained the motion. If the motion had then been granted or had the jury acquitted Dotson, the Fifth Amendment would clearly prohibit a second attempt at prosecution. Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). We are unable to perceive why the government's position should be improved by failing to recognize the defect until the appeal stage. If the defendant should have been acquitted for insufficient proof, he ought not be subsequently penalized for his effort to rectify the original error.

The motion by the United States to remand for a new trial is denied; the conviction is reversed and the case is remanded with direction to enter a judgment of acquittal.