PER CURIAM.
Appellant Willis Earl Youngblood appeals to this court from a judgment and sentence entered and imposed against him by the Polk County Criminal Court of Record on May 29, 1969, after a trial upon an information charging that Youngblood unlawfully received certain stolen property, to-wit, an Evinrude outboard motor of a value of more than $100.00, the property of one Robert Huffman, well knowing at the time he so received the outboard motor that it was stolen property. Youngblood’s appeal was previously dismissed upon procedural grounds, but thereafter on September 20, 1971, the United States District Court for the Middle District of Florida, through the local U. S. Magistrate, pursuant to Rule 10 of the civil rules of said court and finding that Suggestion had been made by the Supreme Court of Florida in Case No. 39-735, Youngblood v. Wainwright, suggested that the appeal should be heard and considered by this Second District Court of Appeal upon the merits.
Appellant urges the insufficiency of the evidence in that he had absolutely nothing to do with the particular motor alleged to have been stolen. However, the real defect in the State’s case against Youngblood is that it never proved the property was stolen. Huffman, the owner, testified that he reported it stolen. Only two questions by the prosecutor referred to the property as stolen. To one of these Huffman answered that he reported it stolen on a particular date. To the other, his answer was evasive. Seven times the prosecutor’s questions concerned Huffman’s reporting the motor stolen. He never asked Huffman point blank whether the motor was stolen. Called by the defense, Huffman admitted insurance coverage and payment for the “stolen” motor, and was then asked, “Did you make arrangements with Eddy Youngblood to dispose of the motor after *231 it got missing from the marina?” Huffman’s reply: “I refuse to answer that on the grounds it is self-incrimination.” Several other questions in the same vein follow, with the same refusal to answer. We think the State failed to prove an essential element of its case, and for that reason alone the judgment must be reversed. If this element of proof were present, we would affirm for the reasons stated.
Whether Youngblood is entitled to discharge or a new trial is a question not argued before us. See Sapir v. United States, 1955, 348 U.S. 373, 75 S.Ct. 422, 99 L.Ed. 426. The question is discussed generally in Judge Liles’ opinion in Sosa v. Maxwell, Fla.App.1970, 234 So.2d 690. If the State claims the right to reprosecute Youngblood it may argue this question before the trial judge.
Reversed.
MANN, C. J., and LILES and McNULTY, JJ., concur.