**UNITED STATES of America,**

v.

**Vinicio E. RUIZ–ESTRELLA, Defendant.**

**No. 72 Cr. 607.**

United States District Court, E. D. New York.

Aug. 20, 1973.

---

Paul B. Bergman, Brooklyn, N. Y. (Robert A. Morse, U. S. Atty., of counsel), for Government.

E. Thomas Boyle, St. James, N. Y. (Robert Kasanof, New York City, of counsel), for defendant.

DOOLING, District Judge.

The Court of Appeals, on appeal from a nonjury conviction, based on the agreed use as the trial record of the evidence taken at the suppression hearing, reversed on the grounds that the search was constitutionally invalid and that the suppression hearing had been unconstitutionally conducted, and the Court concluded its opinion, 2 Cir., 481 F.2d 723 p. 730.

> "We thus conclude that the seizure of the shotgun here cannot be justified under any applicable rationale, and that the motion to suppress, on the particular facts *shown*, should have been granted. We have also concluded, for the reasons noted in part II, *supra*, that the exclusion of both appellant and the public from part of the suppression hearing was in error. Consequently, the judgment of the district court is reversed." (Emphasis added).

The Order of the Court of Appeals, filed in this court on July 16, 1973, adjudged that

> ". . . the judgment of said District Court be and it hereby is reversed in accordance with the opinion of this court."

Since the indictment turned entirely on defendant's alleged possession of the shotgun which the unconstitutional search had disclosed, one would suppose that upon remand the Government would have to consent to a dismissal of the indictment. Defendant, accordingly, has moved to dismiss the indictment, but the Government resists. It contends that since appeal was from a judgment of conviction and the reversal was not accompanied by a direction to dismiss the indictment but was comprised in the single word "reversed," that implies a remand for such proceedings, including a fresh suppression hearing, as may be conducted consistently with the Court's opinion.

■■ Certainly the principles of law enunciated in the Court of Appeals govern further proceedings in the case. If there is no new evidence, shown to be excusably unavailable to the Government at the first hearing, the suppression must stand, and, at minimum, the Government would have to be able to show that it could proceed to trial without the suppressed weapon or any fruits of the search, an apparently impossible task.

■ Can this unelaborated "reversal" on substantial issues be interpreted as affording room for a retrial of the search issues? The first ground of reversal—impropriety in the manner of conducting the hearing—would surely not prevent repeating the evidentiary hearing, curing the defect found in the manner of conducting it. But the second ground of reversal, striking the twin notes of a total absence of ground for search and an absence of real "consent," is not easily dissolved. McRae v. United States, 1969, 137 U.S.App.D.C. 80, 420 F.2d 1283, 1286–1289, considered it very difficult to accord the Government the same broad right to relitigate at trial a pre-trial order granting suppression, that a defendant has to relitigate at the trial a pre-trial order denying suppression, and denied the Government the right to do so in the *McRae* case itself. But the Court indicated that, while required to make a powerful showing for being allowed to relitigate a suppression order, the Government could in some circumstances have the right to do so.

United States v. Davis, 9th Cir., June 29, 1973, 482 F.2d 893, p. 915 reversing a conviction that rested on a search ap-

proved below but invalidated on appeal, remanded "for further consideration of the consent issue," implying that the defendant's appeal, as it were, gave assent to the Government's supplementing its proofs on a rehearing; there the magistrate who took the evidence had imposed the burden of proving absence of consent to the search on the defendant, an error that had the effect of depriving the Government of its opportunity to accept the burden of proof and go on to prove consent. That, however, does not help here: the Court in *Davis* instructed the new course—rehearing—and for a sufficient reason. People v. Kluga, 32 Cal.App.3d 409, 108 Cal.Rptr. 160, dissent p. 166, would have used the same sort of explicit direction on remand; there the dissenting judge would have reversed and, in effect, ordered a new suppression hearing, although seeming to recognize that if, as he thought, a right to search was not proved below, it was simply through inept presentation of the People's case.

Here, no such freedom of action is extended to the Government—or to the District Court—as United States v. Davis, *supra*, granted. To attempt to seize that freedom of action because the language of the order of the Court of Appeals does not explicitly exclude it, would be injudicious. There is no intimation that the Court of Appeals did not consider that it was dealing in a final way with complete proofs that demonstrated not a right to search but a trespass on constitutional rights. Its order took the form it did, very likely, because it was dealing, technically, with an erroneous admission of evidence and not with proofs so inadequate that a judgment of acquittal—an utterly final disposition of the charge—should have been directed when the case was rested. See Sapir v. United States, 1955, 348 U.S. 373, 75 S.Ct. 422, 99 L.Ed. 426; contrast Forman v. United States, 1960, 361 U.S. 416, 425–426, 80 S.Ct. 481, 4 L.Ed. 2d 412 (proper to order new trial where defect in charge, not in proofs, required the reversal). What a trial record stripped of the erroneous evidence would show the Court could not know, although it could, perhaps, surmise.

■ The case, then, is one in which this Court must treat the Government as concluded on the suppression issue. If the Government considers that it can show a good ground for reopening the suppression issue, then it must present that to the Court of Appeals as the basis of an application to clarify or modify the order of reversal so as to authorize retrial of the suppression issue in this court, or to authorize this court to determine whether the Government has a valid basis for reopening the suppression issue and, if so, then to conduct a new suppression hearing. See In re Potts, 1897, 166 U.S. 263, 268, 17 S.Ct. 520, 41 L.Ed. 994.

The motion of defendant must therefore be granted unless within thirty days the Government shall have moved in the Court of Appeals for a clarification or modification of its order of June 11, 1973, as affecting the Government's right to a new trial of the suppression issue in this court or the Government's right to present in this court a motion for a new trial of the suppression issue.

It is so ordered.