**UNITED STATES of America, Plaintiff,**

v.

**John BARKER, Defendant.**

**Crim. A. No. 75CR58–W–3.**

United States District Court, W. D. Missouri, W. D.

Jan. 21, 1977.

---

**1284**

Kenneth Josephson, Kansas City, Mo., for plaintiff.

John H. Altergott, Jr., James W. McManus, Kansas City, Mo., for defendant.

ORDER DENYING DEFENDANT'S "MOTION FOR JUDGMENT OF ACQUITTAL IN ACCORDANCE WITH BOTH DEFENDANT'S PREVIOUSLY FILED MOTION FOR JUDGMENT OF ACQUITTAL ON THE BASIS THAT THE JURY WAS GIVEN NO EVIDENCE OF AN ESSENTIAL ELEMENT OF THE CRIME CHARGED AND IN ACCORDANCE WITH THE OPINION OF THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT FILED OCTOBER 6, 1976"

WILLIAM H. BECKER, Chief Judge.

Defendant and co-defendants Raymond Dale Neal, Richard Fullerton, and James D. Kinnaird were charged jointly in a one count indictment with engaging in the business of dealing in firearms without a license in violation of Sections 922(a)(1) and (2), Title 18, United States Code. Defendant was tried separately by a jury and was convicted. The United States Court of Appeals for the Eighth Circuit, however, reversed the conviction on the ground that evidence of an essential element of the offense, though offered in documentary form by the government, and admitted, was not read or passed to the jury for its inspection. The Court of Appeals remanded the case for further proceedings. *United States v. Barker*, 542 F.2d 479 (8th Cir. 1976).

Defendant has moved for a judgment of acquittal on the basis of the reversal by the Court of Appeals of the judgment of conviction entered on the jury verdict. Defendant contends that to allow a retrial would be to place him twice in jeopardy for the same offense. The motion for judgment of acquittal will be denied for the reasons which follow. Because of the unusual circumstances of this case, in which the trial error occurred, none of the reported decisions on the subject of double jeopardy or former jeopardy are directly in point on the issue raised by this case.

*The Double Jeopardy Rule Applicable When No Submissible Case Is Made.*

■ "It is elementary in our law that a person can be tried a second time for an offense when his prior conviction has been set aside by his appeal." *Forman v. United States*, 361 U.S. 416, 425, 80 S.Ct. 481, 486, 4 L.Ed.2d 412, 419 (1960). *See, e. g.: United States v. Tateo*, 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964); *Bryan v. United States*, 338 U.S. 552, 560, 70 S.Ct. 317, 94 L.Ed. 335, 342 (1950); *Stroud v. United States*, 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 103 (1919); *United States v. Ball*, 163 U.S. 662, 672, 16 S.Ct. 1192, 41 L.Ed. 300, 303 (1896). *See also: Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). These authorities clearly hold that retrial after reversal of a previous conviction on appeal because of a trial error does not constitute double jeopardy in violation of the Fifth Amendment of the Constitution of the United States.

■ One exception to this general rule, which has been recognized by the Fifth and Eighth Circuits, is that when a conviction is reversed for failure of the evidence to make a submissible jury case, retrial is barred unless the defendant filed a motion for a new trial following his conviction. *United States v. Diggs*, 527 F.2d 509 (8th Cir. 1975); *United States v. Carter*, 516 F.2d 431 (5th Cir. 1975); *United States v. Blake*, 488 F.2d 101 (5th Cir. 1973); *United States v. Koonce*, 485 F.2d 374 (8th Cir. 1973) [dictum]; *United States v. Musquiz*, 445 F.2d 963 (5th Cir. 1971). *See also: Sapir v. United States*, 348 U.S. 373, 373–374, 75 S.Ct. 422, 99 L.Ed. 426, 427–428 (1955) (Douglas, J. concurring); *Forman v. United States, supra*, 361 U.S. at 425–426, 80 S.Ct. at 486–487, 4 L.Ed.2d at 419; *United States v. Wiley*, 170 U.S.App.D.C. 382, 517 F.2d 1212 (1975).[1] This exception has been criticized as lacking a sound jurisprudential basis. *E. g.: United States v. Wiley, supra*, 517 F.2d at 1215–1218. Further, to make the right of retrial dependent upon the filing of an alternative motion for a new

trial by a convicted defendant may have a chilling effect on the defendant's desire to seek an alternative order for a new trial in the district court for trial errors, when he believes he has a meritorious motion for judgment of acquittal. Nevertheless, this exception is the law in this circuit.

*The Issue In This Case.*

In this case, the defendant did not move for a new trial. He contends that the exception to the rule described above requires that his motion for judgment of acquittal should be granted. Therefore, the legal issue raised by defendant's motion for a judgment of acquittal is whether his conviction was reversed because of a trial error, or whether it was reversed because of the insufficiency of the evidence to make a submissible case for the jury.

It is concluded for the following two reasons that it was reversed because of a trial error, rather than because of insufficiency of the evidence to make a submissible case for the jury.

■ First, exceptional circumstances were present in this case which renders this case distinguishable from the "insufficiency of the evidence" cases. As the Eighth Circuit Court of Appeals held, the error in the first trial was not that the government failed to present and have admitted into evidence sufficient evidence to convict, but that evidence essential to a conviction, which was admitted out of the hearing and presence of the jury, was not read nor presented to the jury in some fashion for its consideration.

The government's theory was that defendant aided and abetted co-defendants Neal, Fullerton and Kinnaird who were dealing in firearms without a license. An essential element of the government's case was proof that Neal, Fullerton, and Kinnaird were dealing in firearms without a license. When the absence of evidence of this essential element was raised, certificates stating that these persons were unli-

---

1. See generally: 2 Wright & Miller, *Federal Practice and Procedure*, Section 470 (1969 ed.);

8A Moore's *Federal Practice*, ¶ 29.02(2) (1976 ed.).

censed were received in evidence in chambers and outside the hearing of the jury, but counsel thereafter failed to read or cause the certificates to be passed to the jury before or during the deliberations of the jury. Reversal was therefore required, not because of insufficiency of evidence in the record, but because of the trial error in failing to read or present all evidence admitted in the record to the jury.[2]

For example, had the defendant's counsel, before submission of the case to the jury, invited attention of the Court to the failure to read or pass to the jury the certificates previously admitted in evidence in the record, the result would not have been an acquittal but action causing the certificates to be read or passed to the jury for its inspection and reading. Further, if attention to the failure had been invited during the deliberations of the jury, the result would have been either recall of the jury and reading of the exhibits to the jury in the courtroom or sending the certificates to the jury room as admitted exhibits.

The certificates were marked as exhibits in a conference, out of the presence of the jury, with counsel, while the defendant was personally present. Thereafter, when the United States rested its case there was a credible, submissible case of evidence of defendant's guilt in the record.

For evidence can be, and often is, lawfully admitted into the record out of the presence of the jury. Whether the certificates in question, offered in evidence, should be admitted in evidence was a preliminary question to be determined by the judge, out of the hearing of the jury in the interests of justice, to permit objection, argument of counsel and to protect the interest of the defendant if objection to the evidence should be denied. This is the procedure presently authorized and required. See Federal Rule of Evidence 104(a) and (c). This rule of evidence codifies the former federal practice, and is necessary for often evidence is admissible before the judge that

may be inadmissible before the jury. F.R.E. 104(a). Accepted federal practice places on the judge alone the responsibility of determining the preliminary questions on which admissibility depends. Advisory Committee's Notes to F.R.E. 104; McCormick on Evidence, § 53; Morgan, *Basic Problems of Evidence* (1962 ed.), pages 45 to 50 inclusive; Hunter, *Federal Trial Handbook* (Bancroft Whitney Co. 1974) at pages 321 to 323, Sections 38.1, 38.2 and pocket part.

So well established is the practice of determination of preliminary questions and admissibility of documentary exhibits that the Judicial Conference of the United States approves the admission of exhibits in evidence before the jury is chosen. *Handbook For Effective Pretrial Procedure,* paragraphs A and B, Form of Pretrial Order, 37 F.R.D. 255, l. c. 307 and 308.

In Chapter 2 of I *Wigmore On Evidence* (3rd ed. 1940), the procedure to admit evidence is carefully described as consisting of (1) The Offer of Evidence § 17, (2) The Objection, § 18, and (3) The Ruling § 19. In the original trial of this case, the certificates in question were offered, the objections were heard and overruled. The certificates were thereby admitted in evidence. Therefore, they were effectively in record, and consideration of them was required on a motion for judgment of acquittal filed thereafter. The trial error in failing to read them to the jury, to immediately pass them to the jury, or to send them to the jury, did not affect the record of production of evidence of a submissible case.

The fact that there was sufficient evidence received in the record to convict distinguishes this case from each of those cited above in which outright reversal was ordered because of insufficiency of the evidence. In each of those cases, the Court of Appeals found that the evidence in the record was insufficient to convict. In this case, sufficient evidence to convict was admitted in the record, but a trial error was

---

**2.** Had defendant brought this trial error to the attention of the Court after the closing arguments by a motion for judgment of acquittal, he would have only been entitled to have the certificates presented to the jury and he would not have been entitled to an acquittal.

committed in failing to bring an essential portion of the evidence in the record to the attention of the jury. None of the "insufficiency of the evidence" cases relied on by the defendant, in which retrial was held to be barred, involved the exceptional circumstances present in this case. The "new trial" exception in federal jurisprudence is unrelated in reason to the circumstances of this case and should not be extended to the circumstances of this case.

Second, if the Court of Appeals had believed that this was a true "insufficiency of the evidence" case, rather than a mere "trial error" case, it could have reversed defendant's conviction outright without remanding the case. The fact that the Court of Appeals remanded the case for "further proceedings" is an independent ground for the conclusion that retrial was not legally barred by the opinion of the Court of Appeals. Indeed, the Court of Appeals opinion contains several statements which show that the retrial was contemplated.[3]

Because defendant's conviction was reversed for a trial error, and because of the remand by the Court of Appeals, it is concluded that retrial is not barred by the double jeopardy clause of the Fifth Amendment. Therefore, defendant's motion for a judgment of acquittal will be denied.

For the foregoing reasons, it is therefore

ORDERED that defendant's "Motion For A Judgment Of Acquittal In Accordance With Both Defendant's Previously Filed Motion For Judgment Of Acquittal On The Basis That The Jury Was Given No Evidence Of An Essential Element Of The Crime Charged And In Accordance With

The Opinion Of The United States Court of Appeals For The Eighth Circuit Filed October 6, 1976" be, and it is hereby, denied.

---

3. *See: United States v. Barker,* 542 F.2d 479 (8th Cir. 1976), in which the following appears:
   "If Barker is retried, he is free, on proper filing of a motion to suppress, to argue that the Murphy line of cases does apply and that, if it does, tainted evidence should be suppressed.[10]" 542 F.2d at page 484.
   "In any event, our reversal of this case on other grounds renders further discussion of this issue premature at best, since there is no assurance that evidence which might be adduced at a new trial, if there is one, will coincide with adduced [sic] at the original trial." 542 F.2d at page 484.

" 10 . . . . . If Barker is retried, he is free, on proper filing of a motion to suppress, to argue that the statement was involuntary and that, if it was, tainted evidence should be suppressed." 542 F.2d at page 484.
" 14 . . . . . In view of our reversal, we need not decide whether the instruction is plainly erroneous under Rule 52(b) Fed.R. Crim.P. It is erroneous, and, in the event Barker is retried, it should be corrected."