**UNITED STATES of America**

v.

**Mary KENNEFICK.**

**Crim. No. 56201.**

United States District Court
N. D. Illinois, E. D.

Sept. 26, 1956.

Robert Tieken, U. S. Dist. Atty., Chicago, Ill., by Mitchell S. Rieger, Asst. U. S. Atty., Chicago, Ill., for the Government.

Maurice Walsh, Chicago, Ill., for defendant.

CAMPBELL, District Judge.

The defendant in this case is under a four count indictment charging violations of Section 1621, Title 18, of the United States Code. Each count of the

indictment charges that the defendant, after having first been sworn to testify truthfully, with having wilfully, knowingly and feloniously stated, before the Grand Jury, certain matters which she did not believe to be true, said conduct being alleged to be perjury in violation of the applicable Federal Statute.

Paragraph 3 of each count alleges, in substance, the particular statement made by the defendant which the Government charges constituted perjured testimony. Paragraphs 1, 2 and 4 are identical in each of the four counts.

The defendant attacks the indictment charging three grounds in support of her motion to dismiss. Each ground shall be considered as each is particularized herein.

██ First, counsel for the defendant argues that paragraph 2 of each count conclusively shows that the Grand Jury was not engaged in an investigation of offenses against the United States. Counsel cites specifically the charge that the "June 1955 Grand Jury was conducting an investigation of possible voting irregularities during the General Election, held on November 2, 1954."

In support of this contention, counsel relies rather heavily on United States v. Bruno, D.C., 144 F.Supp. 593, an opinion which I handed down on June 28, 1955. In that case, in ruling that an allegation that a voter was influenced in his voting at a General Election was insufficient to charge a federal offense, I held that an indictment under Section 597, Title 18, of the United States Code, must clearly charge that the defendant influenced a voter to vote for a candidate for Federal Office, or, in the alternative, charge that the defendant illegally induced a voter to vote at a General Election at which he, the voter, did in fact cast a vote for a Federal candidate. Counsel relies on this case, and the authorities therein cited, in support of his argument that the instant indictment fails to charge that the Grand Jury was engaged in an investigation of offenses against the United States.

While I believe that the holding in the Bruno case, referred to above, is the law when considering the offense that the Government in that case attempted to charge, I believe even the most cursory examination of the holding in that case would immediately reveal that that case, including the cases therein cited, is clearly non-applicable to the case at bar. The elements constituting the crime of illegally influencing a voter in regard to his balloting for a federal candidate are quite different from the elements of the crime of giving false testimony before a competent tribunal of the United States. The gist of the latter crime, and thus the crime with which we are concerned here, is, in the words of the statute, the wilfull stating, by a witness, under oath and before a competent tribunal, in any case in which a law of the United States authorizes an oath to be administered, of any material matter which he, the witness, does not believe to be true. The present indictment, therefore, need only charge the elements constituting this crime and need not concern itself with the tests applicable to the charging of the crime of illegally influencing a voter at a Federal election.

Thus considered, an examination of Paragraph I of each count reveals that the Grand Jury has alleged that the defendant appeared as a witness "before a competent tribunal, to wit, a Grand Jury of the United of America, duly empaneled and sworn in at the June 1955 term of the United States District Court for the Northern District of Illinois, Eastern Division, in a case in which a law of the United States authorized an oath to be administered." Following this charge, come the allegations that the defendant stated certain material matter before this tribunal which she did not believe to be true. It is quite apparent, therefore, that the instant indictment sets forth the elements of the crime with which we are concerned; equally noteworthy, the indictment charges that the instant Grand Jury was a competent tribunal, duly empaneled and sworn in a case in which a

law of the United States authorizes an oath to be administered. The Government has thus alleged that the Grand Jury in issue had been lawfully constituted and had a "de facto existence and organization"—this is all that the law requires. Blair v. United States, 250 U.S. 273, 39 S.Ct. 468, 63 L.Ed. 979. If the defendant wishes to contest the fact that this Grand Jury was lawfully constituted, then she must do so by a proper motion supported by sufficient affidavits; she cannot, however, in seizing upon an allegation appearing on the face of this indictment, succeed to place this issue before the court.

I hold, therefore, that the rule of pleading set forth in United States v. Bruno, D.C., 144 F.Supp. 593, and the cases therein cited, is clearly inapplicable to the present case. The defendant's argument, therefore, is totally without merit.

■ The defendant's second argument is addressed to the contention that the materiality of the various statements, which are alleged to be false, does not appear from a reading of the indictment. The short answer to this contention is that, although conceding that perhaps some of the defendant's objections in this regard are well taken, this defense should be more properly taken up at the trial of the case. The general allegation of materiality is sufficient and it is not necessary to encumber the indictment with, what would amount to be, the Government's argument why it believes the statements were material. See Markham v. United States, 160 U.S. 319, 16 S.Ct. 288, 40 L.Ed. 441. The Government, if it wishes to sustain its case, must prove upon the trial of the case why and how these particular statements were material. The defendant, therefore, must reserve this defense until after the Government rests its case.

■■ The defendant's third and last argument is to the effect that the language of paragraph 3 of each count is so misleading and confusing as to be incomprehensible. The defendant concludes that, as a consequence, the indictment does not "properly inform the de-

fendant of the nature of the charge against her, and casts doubt upon the accuracy of the averment."

At the outset, it should be observed that this argument is more or less a restatement of the defendant's second argument. The confusion raised, with the exception of that raised by the language of paragraph 3 of Count I, does not spring so much from the language used, but from the fact that the materiality of the statements might not appear to the reader upon a first reading. To this extent, therefore, the ruling applied to the defendant's second argument applies to the third argument as well.

Concerning the language of paragraph 3 of Count I, however, it appears, through the draftsman's use of pronouns, that the defendant is charged with having testified that Alice Downey and her brother, John Downey, lived as husband and wife in Alice Downey's home at 3804 S. Lowe Ave. The Government, in its brief, argues that there can be no resultant confusion since the defendant knows very well that John Downey is the defendant's brother and that he and his wife, Alice Downey, lived as husband and wife at 3804 S. Lowe. In any event, it appears from a reading of the indictment that it is alleged that the defendant testified that John Downey and Alice Downey, brother and sister, lived as husband and wife at the stated address.

It is fundamental that this being a criminal case we cannot resort to rules of construction that are available in civil cases. That is, we cannot learn the draftsman's intention by employing the parol evidence rule or by studying the "four corners" of the document in an attempt to secure the draftsman's overall intention. Therefore, the Government's allegation in paragraph 3 of Count I must stand as it appears to read on its face. However, it should be noted that this is not the proper time to raise an attack on this allegation since, for all the Court knows, the Government may well prove that the defendant testified that John Downey and Alice Downey, brother and sister, lived as husband and wife at 3804

S. Lowe. If upon trial, the Government does not prove the allegation as it reads in paragraph 3 of Count I, then upon motion, the entire count will be dismissed on account of the fatal variance between allegation and proof. With this admonition, the Government may, on its own motion, move to dismiss Count I at any time prior to trial or be subject to a dismissal upon trial if the fatal variance so occurs.

Accordingly, and for the reasons herein set forth, the defendant's motion to dismiss the indictment is hereby denied.