**UNITED STATES of America, Appellee,**

v.

**John BARKER, Appellant.**

**No. 76–2093.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 14, 1977.

Decided July 25, 1977.

John H. Altergott, Jr., Kansas City, Mo. (argued), for appellant; James W. McManus, Kansas City, Mo., on brief.

Kenneth Josephson, Asst. U. S. Atty., Kansas City, Mo. (argued), for appellee; Bert C. Hurn, U. S. Atty., on brief.

Before WEBSTER and HENLEY, Circuit Judges, and MEREDITH, Chief District Judge.*

* The Honorable James H. Meredith, Chief Judge, United States District Court for the Eastern District of Missouri, sitting by designation.

WEBSTER, Circuit Judge.

John Barker appeals his conviction of engaging in the business of dealing in firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1) and (2). This was Barker's second trial on this charge; a conviction after the first trial was reversed by this Court in *United States v. Barker*, 542 F.2d 479 (8th Cir. 1976). We conclude that retrial was barred by the Fifth Amendment proscription of double jeopardy, and therefore vacate the conviction.

The government's theory at both trials was that Barker committed the offense charged by aiding and abetting three others, Raymond Neal, Richard Fullerton, and James D. Kinnaird, Jr., to conduct an unlicensed firearms business. At the close of the defendant's evidence at the first trial, it was noticed that there had been no proof that Neal, Fullerton, and Kinnaird were not licensed to deal in firearms. The District Court reopened the case and allowed the government to introduce certificates showing that the three men were in fact unlicensed. These certificates were admitted by the District Court in chambers; however, they were never in any manner placed before the jury.

On appeal, Barker argued that the failure to present the certificates to the jury was fatal to the conviction, because proof was lacking of an essential element of an aiding and abetting offense: that the principal committed the crime charged.

A panel of this Court agreed with Barker saying,

It is transparently obvious that a verdict cannot be based on "evidence" which the jury does not see or hear. Barker is quite correct in contending that there was no direct evidence to support the jury's verdict on this essential element.

\* \* \* \* \* \* .

We accordingly have no choice other than holding that there was insufficient evidence on which a jury could convict Barker of the crime charged.

*United States v. Barker, supra*, 542 F.2d at 485 (footnote omitted).

By this Court's mandate, the case was "remanded to the district court for further proceedings not inconsistent with this opinion." 542 F.2d at 486.

Immediately upon remand, Barker moved for a judgment of acquittal, contending that retrial after reversal for insufficient evidence would place him in jeopardy a second time. The District Court denied the motion, and the case proceeded to trial. Evidence that the principals were unlicensed was introduced; Barker was again convicted, and he appeals.

Appellant brings to our attention that he did not move for a new trial at the close of the first trial. He argues that retrial is therefore barred under *Sapir v. United States*, 348 U.S. 373, 75 S.Ct. 422, 99 L.Ed. 426 (1955). Under the holding of *Sapir*, as interpreted by the Supreme Court in *Forman v. United States*, 361 U.S. 416, 80 S.Ct. 481, 4 L.Ed.2d 412 (1960), and applied by this Court in *United States v. Diggs*, 527 F.2d 509 (8th Cir. 1975), we are compelled to agree.

In *Sapir*, the Tenth Circuit reversed a conviction for conspiracy to defraud the United States, finding the evidence insufficient to establish that the defendant knew the United States was a party to the transaction. The Tenth Circuit first directed the District Court to dismiss the indictment; then, on motion of the government, modified its opinion to allow a new trial. The Supreme Court, in a one paragraph per curiam opinion, vacated the modification and reinstated the former opinion, saying, "We believe that the judgment of the Court of Appeals of October 20, 1954 [the first judgment] reversing and remanding this cause with instructions to dismiss the indictment was correct."

In a concurring opinion, Justice Douglas suggested that retrial would violate the double jeopardy clause. He stated, however, that "[i]f petitioner had asked for a new trial, different considerations would come into play, for then the defendant opens the whole record for such disposition as might be just." 348 U.S. at 374, 75 S.Ct.

at 423.[1] Justice Douglas also distinguished cases in which reversal by the appellate court was "on grounds of error that infected the trial". *Id.*

Justice Douglas' *Sapir* concurrence is of central importance because of its apparent adoption by the full Court in *Forman v. United States*, 361 U.S. 416, 425, 80 S.Ct. 481, 4 L.Ed.2d 412 (1960). There, the Ninth Circuit first vacated a conviction because of an improper instruction and ordered a judgment of acquittal. On the government's motion, it then amended its mandate to allow retrial. The Supreme Court affirmed the allowance of retrial. The Court found *Sapir* distinguishable because (1) in *Forman*, reversal resulted from an improper instruction, rather than insufficiency of the evidence; and (2) in *Forman*, the defendant had moved for a new trial. "That was a decisive factor in Sapir's case." 361 U.S. at 426, 80 S.Ct. at 487.

In *United States v. Diggs*, 527 F.2d 509 (8th Cir. 1975), certain admissions by the defendant were properly excluded at trial because they had not been disclosed prior to trial, as required by a pretrial order. As a result, the evidence introduced was insufficient to support the conviction. In reversing the conviction, Judge Henley, speaking for the Court, said:

Should the case be tried again, the government might well be able to improve its evidentiary position by proving the statements and admissions that the district court excluded in the course of the original trial. And had the defendant moved for a new trial as an alternative to his prayer for a judgment of acquittal, we would order a new trial. *Sapir v. United States*, 348 U.S. 373, 75 S.Ct. 422, 99 L.Ed. 426 (1955); *Bryan v. United States*, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335 (1950); *United States v. Koonce*, 485 F.2d 374, 381–82 (8th Cir. 1973); 2 Wright, Federal Practice & Procedure, Criminal, § 470, pp. 268–273.

While in the concluding sentence of his brief counsel for the defendant asks for a new trial as alternative relief, it does not appear that he moved for a new trial in the district court, and in such circumstances we feel constrained to reverse the judgment of that court and remand the case with directions for the entry of a judgment of acquittal. *Sapir v. United States* and *United States v. Koonce*, both *supra*.

■ It is thus the settled law of this Circuit[2] that, when a conviction is reversed for insufficient evidence, and no motion for new trial was made in the district court, dismissal of the indictment rather than a new trial is the proper disposition. We are not alone in so holding. *See United States v. Musquiz*, 445 F.2d 963, 966 (5th Cir. 1971). *See also United States v. Wiley*, 170 U.S. App.D.C. 382, 517 F.2d 1212, 1217 n. 23 (1975); *United States v. Snider*, 502 F.2d 645, 656 n. 24 (4th Cir. 1974); *Buatte v. United States*, 331 F.2d 848 (9th Cir. 1964) (all noting, but declining to resolve, the issue); 2 C. Wright, Federal Practice and Procedure § 470 (1969); 8 J. Moore, Federal Practice ¶ 29.09[2] (2d ed. 1974).

■ The government argues, as the District Court held, that the defect at the first trial was mere "trial error" rather than insufficiency of the evidence, so that retrial is permissible. This misconstrues the nature of the defect in the first trial. The government had every opportunity to present all the evidence at its disposal to the jury; through its own inadvertence it failed to do so.[3] Absent proof of an essen-

---

1. Justice Douglas thus sought to distinguish *Bryan v. United States*, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335 (1950), in which the Court held that an appellate court may order a new trial as an alternative to judgment of acquittal, where the appellant moved alternatively for acquittal and for new trial in the district court.

2. The government cites *United States v. Koonce*, 485 F.2d 374, 381–82 (8th Cir. 1973), as the controlling Eighth Circuit case on this point. However, in *Koonce* the appellant had moved for a new trial, so the question involved here was not squarely presented. Not until *Diggs* did this Court address the question presented here.

3. The government rather than the District Court must accept responsibility for failure to submit the crucial documents to the jury at the

tial element of the offense, the jury should have found appellant not guilty; had it done so "there plainly would be double jeopardy to give the Government another go at this citizen." *Sapir v. United States, supra*, 348 U.S. at 374, 75 S.Ct. at 423 (Douglas, J., concurring). The government is not entitled to "another go" simply because it did not produce sufficient evidence at the first trial through its own mistake.[4]

This is not like the case where evidence prejudicial to the defendant is admitted at the first trial, and a conviction obtained. In such a case, retrial is permissible after the conviction is reversed, but for very strong policy reasons. *See United States v. Tateo*, 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964). These reasons are absent here.[5]

The judgment of the District Court is reversed, and the cause remanded with directions to enter a judgment of acquittal.

MEREDITH, Chief District Judge, dissenting:

I respectfully dissent from the majority opinion of my learned colleagues. The facts in this case are not like those in the cases cited requiring an acquittal instead of a new trial because of double jeopardy. *Sapir v. United States, Forman v. United States*, and *Diggs v. United States, supra*. I have no disagreement with the holdings in

first trial. At the conference in chambers at the close of the first trial, when the certificates were produced, the District Court told counsel, "We are not going to read these to the jury unless you want to. The reference can be made to them." This left it open to government counsel to see that the certificates were brought to the jury's attention, but this was not done.

4. The government also contends that certain language in this Court's first opinion, adverting to the possibility of retrial, necessarily decided the question presented here. In fact, the failure of appellant to move for new trial after the first trial was not brought to this Court's attention in the first appeal so that the panel which decided the case was not aware this problem would arise. The language of this Court's mandate, "remanded . . . for further proceedings not inconsistent with this opinion," left undecided the question whether retrial would be permissible.

5. In *United States v. Tateo, supra*, 377 U.S. at 466, 84 S.Ct. at 1859, the Court said:

those cases where insufficient evidence is presented and no motion has been made for a new trial and only a motion for a judgment of acquittal has been filed. The defendant cannot be tried again because of double jeopardy.

In the instant case there was sufficient evidence presented to the Court to warrant a conviction, but part of it was not presented to the jury and they found defendant guilty.

I consider this a trial error and would affirm the judgment of conviction entered after retrial.

It would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction. From the standpoint of a defendant, it is at least doubtful that appellate courts would be as zealous as they now are in protecting against the effects of improprieties at the trial or pretrial stage if they knew that reversal of a conviction would put the accused irrevocably beyond the reach of further prosecution.

In this case, appellant is entitled to dismissal not because of mere "reversible error," but because of failure of the government to present a prima facie case to the jury. It is not paying too high a price to grant immunity from prosecution to a defendant against whom the government has once tried unsuccessfully to make a case, and who has not opened the whole record by moving for new trial.