**People of the State of Illinois, Plaintiff-Appellee, v. Charles Jones, Defendant-Appellant.**

**Gen. No. 53,609.**

First District, Third Division.

March 5, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Stuart B. Scudder and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

Defendant, Charles Jones was charged with the crime of murder. After a bench trial, he was found guilty of that crime and sentenced for a term of 20 to 40 years. He appeals, contending that he was not proved guilty beyond a reasonable doubt; that the court erroneously excluded certain statements made at the scene; and that the failure by the State to call certain witnesses gives rise to an inference that their testimony would have been unfavorable to the State.

Cleophus Martin, a cabdriver, testified that at 4:00 a. m. on April 26, 1968, as he was driving, he noticed two men next to a blue 1961 Dodge apparently arguing over money. They looked as if they were going to fight, then one of them pulled out a gun and shot the other. The incident took place about 50 feet away from him in front of a tavern. There were about five or six other persons standing around the two men, including a girl. The victim was facing Martin and he did not see anything in the victim's hands. He did not see the face of the man with the gun, who had his back to him. The assailant entered an automobile and drove off. Martin then drove away and flagged a police officer.

Robert Johnson, brother of the deceased George Johnson, testified that at the time in question, he was at a tavern with the deceased, two other men and a girl. As they left, Tommie Houston, defendant's cousin, approached Johnny Dean and demanded money that he was owed. Houston pointed a gun at Dean; George Johnson, the deceased, gave some money to Houston who fired some shots and fled. The witness chased Houston, emptying a pistol at him during the chase. He could not catch Houston and returned. As he approached the automobile, he saw his brother and defendant arguing; then he heard a shot and saw his brother fall to the ground.

Defendant testified that he and a friend drove to a tavern, and he went in for a beer. As he came out, Johnny Dean hit him, shouting to deceased and his

brother that defendant was a cousin of the man who had robbed him. As defendant walked to his car, deceased struck him and started to pull out a gun, so defendant shot him.

Thomas Houston testified for the defense that he met Johnny Dean at the tavern and demanded the money owed to him. Dean stated that he would get it from the deceased. The latter agreed to pay it and started coming toward them. Houston had deceased drop the money on the street and back off; he picked up the money and ran. Dean attempted to get a gun to shoot him. As Houston ran, the three men chased him, and deceased's brother was firing shots at him.

Officer William Mooney of the Chicago Police Department testified in rebuttal for the State that defendant told him that as he came out of the tavern, he saw Houston being chased by some men, and another friend arguing with deceased. Defendant also stated that deceased struck his friend, and struck him. Defendant then drew his gun and shot deceased.

Defendant first contends that he was not proved guilty beyond a reasonable doubt, claiming that he acted in self-defense.

██ The credibility of witnesses is ordinarily a matter to be determined by the trial court. People v. Jackson, 28 Ill2d 566, 192 NE2d 873 (1963), and the determination of conflicting testimony is also a function of the trier of fact.

██ The evidence adduced by the State established that defendant shot the deceased while the latter was unarmed. The trial judge so found, and we see no reason to disturb that determination. Although defendant testified that the deceased was reaching for a gun and that he acted only in self-defense, defendant's testimony was contradicted by the cabdriver who testified that he did not see any weapon in the possession of the deceased. Defendant's testimony was also impeached by

271

the police officer who testified that defendant gave a somewhat different version of what had transpired to him. We find that the evidence was sufficient to prove defendant guilty of murder beyond a reasonable doubt.

Defendant next contends that the trial court erred in excluding certain statements made to defendant and Houston by companions of deceased at the scene of the crime.

During his testimony, defendant was asked by his counsel to relate a conversation which he had with deceased's brother. The trial court sustained the State's objection, ruling that such a conversation would be hearsay. The court also struck as hearsay Houston's testimony that somebody said they were going to shoot him, and his testimony that the deceased's brother stated that defendant was Houston's brother.

█ In order to preserve for review the question of whether evidence was erroneously excluded, an offer of proof as to what that testimony would be, and a ruling thereon, is necessary. See Miller v. Chicago Transit Authority, 78 Ill App2d 375, 223 NE2d 323 (1966).

█ █ In the instant case, after the ruling by the trial court that defendant's conversation with deceased's brother would constitute hearsay, the defense made no attempt to show what statement of the brother was sought to be introduced, nor did the defense inform the court as to the purpose of introducing the statement into evidence. Defendant now argues that the conversation should have been admitted in order to corroborate his contention that he used reasonable force in self-defense. He maintains that the statement would have revealed a communicated threat to defendant; that it was not presented for the truth of the statement, and thus was not hearsay evidence. However, the trial court was not presented any of this information, and indeed,

this court is asked to speculate as to what the testimony would have been. Absent a proper offer of proof, the trial court properly excluded the statement. Moreover, the exclusion of the statement could not have been prejudicial to defendant. Defendant had presented ample testimony depicting his contention that he was threatened and that he was acting in self-defense. Similarly, the exclusion of the two statements in Houston's testimony was not prejudicial to defendant. Even if it could be determined that such statements amounted to threats to defendant, their exclusion was harmless. Houston had already testified that deceased's brother had fired shots at him while the three men chased him, and that Dean attempted to shoot him. The statements which were stricken would have added little to either an understanding of the facts or to the credibility of the witnesses.

A case cited by defendant in support of his contention that it was reversible error to exclude the testimony in question, People v. Johnson, 108 Ill App2d 150, 247 NE2d 10 (1969), is not in point. In that case, defendant was not allowed to testify as to his intention and motive in support of his argument that he was acting in self-defense. No such prejudice occurred in the case at bar.

■ Defendant also argues that the State's failure to call other eyewitnesses to the crime should have resulted in an inference that their testimony would have been unfavorable to the State. However, in People v. Jones, 30 Ill2d 186, 195 NE2d 698 (1964), our Supreme Court held that the failure to call every witness to a crime does not give rise to a presumption in defendant's favor. In the instant case, the State called two of the several eyewitnesses, and it was unnecessary to call the remaining eyewitnesses.

Accordingly, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.