(No. 45982.–

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. NORMAN SCHWARTZ, Appellee.

*Opinion filed Sept. 17, 1974.—Rehearing denied Nov. 26, 1974.*

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel, Assistant Attorney General, Patrick T. Driscoll, Jr., Kenneth L. Gillis, and Matthew J. Moran, Assistant State's Attorneys, and Ricky Petrone (Senior Law Student), of counsel), for the People.

Harry J. Busch, Sherman C. Magidson and Marvin D. Michaels, all of Chicago (Jackson H. Welch, of counsel), for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

The defendant, Dr. Norman Schwartz, was indicted for murder, and after a bench trial in the circuit court of Cook County he was found guilty of voluntary manslaughter and sentenced to the penitentiary for not less than 4 nor more than 14 years. On appeal the Appellate Court, First District, reversed the judgment because "The proof was insufficient to support the conviction of voluntary manslaughter." (11 Ill. App. 3d 959, 971.) We granted the State's petition for leave to appeal.

The appellate court's reversal of the judgment of conviction was based squarely upon its conclusion that the evidence was insufficient to support a conviction for voluntary manslaughter. By a motion to strike the petition for leave to appeal, the defendant challenged the State's right to seek a further review. The motion to strike was denied, but the jurisdictional challenge, phrased to implicate the double jeopardy clauses of both State and Federal constitutions, has been renewed in the defendant's brief. Because the question may recur, we now state the reasons for our denial of the motion.

Section 6 of article VI of the Constitution of 1970 provides:

"Appeals from final judgments of a Circuit Court are a matter of right to the Appellate Court in the Judicial District in which the Circuit Court is located except in cases appealable directly to the Supreme Court and except that after a trial on the merits in a criminal case, there shall be no appeal from a judgment of acquittal."

The defendant's attack upon the jurisdiction of this court to review the judgment of the appellate court is stated in these terms:

"The order of the Appellate Court in this case reversing Defendant's conviction for insufficiency of the evidence is the equivalent, for jeopardy purposes, of a judgment of acquittal in the trial court. *People v. Brown,* 99 Ill. App. 2d 281, 241 N.E.2d 653, 659 (1st Dist. 1968) (Supp. Op. on Den. of Reh.) *Sapir v. United States,* 348 U.S. 373, 374, 99 L. Ed. 426, 428, 75 S. Ct. 422 (1955) (Douglas, J: concurring).

Just as federal and state constitutional guarantees against double jeopardy prohibit re-trial after a trial court acquittal [citations], as well as appeal of the acquittal [citations], the same guarantees also prevent re-trial after a reviewing court reversal of a conviction for insufficiency of the evidence. [Citations.] "

For present purposes we may accept the accuracy of the defendant's statements insofar as they relate to an unreviewed judgment of the appellate court. But that is not the question now before us. The defendant in this case was not acquitted in the trial court. He was convicted, and the process of review has not been completed. (See *People v. Chupich* (1973), 53 Ill.2d 572, 581-4.) It was the appellate court that found the evidence insufficient, and the question is as to the finality of that court's judgment.

That question is governed by section 4(c) of article VI of the Illinois Constitution, which enumerates certain

instances in which an appeal from the appellate court to the supreme court is a matter of right, and then states: "The Supreme Court may provide by rule for appeals from the Appellate Court in other cases." Acting under that authority, on November 30, 1972, this court amended the first sentence of Rule 315(a), which deals with discretionary appeals from the appellate to the supreme court, by adding the italicized portion: "A petition for leave to appeal to the Supreme Court from the Appellate Court may be filed *by any party, including the State,* in any case not appealable from the Appellate Court as a matter of right." (55 Ill.2d xii.) At the same time Rule 604(a), which deals with appeals by the State in criminal cases, was amended by adding the following sentence: "The State may petition for leave to appeal under Rule 315(a)." 55 Ill.2d xiii.

Insofar as the law of Illinois is concerned, therefore, we hold that the judgment of the appellate court is subject to discretionary review in this court. And insofar as the Constitution of the United States is concerned, we are not aware of any provision that would affect the right of a State to establish a two-tier system of appellate review or to determine whether final review is to be by 3, 5, 7, or 9 judges.

On the merits we hold that the appellate court erred in reversing the judgment of conviction. The facts are fully stated in the opinion of that court and need not be repeated. It is sufficient to point out that the fact that a trial judge does not find a defendant guilty of murder does not mean that those circumstances that might have been taken to show premeditation and malice must be disregarded in determining the reasonableness of the defendant's belief that deadly force was necessary in order to protect himself from imminent death or great bodily harm. Neither law nor life can be so strictly compartmentalized. So in this case, in determining the reasonableness of this defendant's belief, the trial judge was entitled to consider

that the defendant had been seeking a confrontation with the deceased, armed with a loaded revolver and a switch-blade knife concealed under a towel. He could have also considered that help was readily available, and in determining the credibility of the defendant's story of a terrific struggle, he could have considered the testimony of other witnesses that none of the furniture in the room where the killing took place was disarranged, as well as the defendant's desire to make sure that his own injuries were carefully noted.

The case turned largely upon the credibility of the witnesses, and the trial judge was in a better position to appraise their credibility than was the appellate court. The judgment of the appellate court is therefore reversed and the cause is remanded to that court with directions to pass upon the remaining issues.

*Reversed and remanded,*
*with directions.*