THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NORMAN SCHWARTZ, Defendant-Appellant.

(No. 57421;

First District (4th Division)—October 8, 1975.

*Rehearing denied January 22, 1976.*

Harry J. Busch, Sherman C. Mágidson, and Marvin D. Michaels, all of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

In a previous opinion relating to this appeal, 11 Ill.App.3d 959, we concluded that the proof was insufficient to support the conviction of voluntary manslaughter and reversed the judgment of the trial court. On appeal from our said decision, the Illinois Supreme Court, in its opinion, 58 Ill.2d 274, 278, held:

> "The [this] case turned largely upon the credibility of the witnesses, and the trial judge was in a better position to appraise their credibility than the appellate court. The judgment of the appellate court is therefore reversed and the cause is remanded to that court with directions to pass upon the remaining issues."

Accordingly, we have restudied the remaining issues.

■■ The defendant contends in his second point on appeal that the trial court erred in limiting the defendant's proof concerning the nature and contents of a telephone conversation during the morning of April 6, 1970, the day of Dr. Fuentes' death from a shooting. The defendant contends that he was foreclosed from offering proof concerning his state of mind at the time defendant went to see Dr. Fuentes. We agree with the ruling of the trial judge. Phone calls can be considered as competent evidence as long as they are relevant and material and a proper foundation is established as to the identity of the person making the call. After the State's objection was sustained defendant made no offer of proof to explain what relevance the excluded evidence would have if admitted. *People v. Turner*, 82 Ill.App.2d 10, 226 N.E.2d 667 (1967), and *People v. Jones*, 121 Ill.App.2d 268, 257 N.E.2d 514 (1970).

McCormick in his treatise on evidence emphasized the necessity for an offer of proof:

> "[A] statement of the purport of the expected evidence is required. The reason for the requirement is that the judge must be fairly informed of the basis for the proponent's claim of admissibility and the appellate court may understand the scope and effect of his ruling. To this end the statement must be reasonably specific, must state the purpose of the proof offered * * *."

McCormick on Evidence, sec. 51, at 113-114 (1st ed. 1954).

Defendant, in his third point on appeal, contends that the trial court erred in permitting Dr. Robert Dolehide's rebuttal testimony on behalf of the State. Dr. Dolehide had been in the emergency room area at the time of the shooting. He testified over defense objection that there was a pause of from five to ten seconds between the first and second volleys of shots fired by the defendant. Immediately thereafter, Dr. Dolehide observed the defendant and saw blood on his face, a towel in his hand and that there was nothing unusual about the way in which the defendant walked. Defendant claims this testimony should have been given in the State's case in chief and not in rebuttal.

■■ As long as testimony is corroborative in the State's case in chief and contradictory to evidence offered by the defendant, it is not improper to admit it on rebuttal. In a recent decision on this particular issue, our court stated:

> "'Although testimony that would be proper as evidence in chief should not be reserved for rebuttal, these matters rest largely within the discretion of the trial court and such rulings will ordinarily not be set aside upon review.'" *People v. Shannon,* 94 Ill.App.2d 110, 118, 236 N.E.2d 369 (1968).

■■ This was not a jury trial; therefore, there was no danger a jury could have been influenced by the fact the testimony was presented on rebuttal. In a bench trial, the judge is presumed to consider only competent evidence. We do not believe the trial judge was influenced by the fact Dr. Dolehide's testimony was presented in rebuttal.

The defendant, in support of his contention, relies on *People v. Castree,* 311 Ill. 392, 143 N.E. 112 (1924). In this case the State called a witness in rebuttal where he offered testimony which was very damaging to the defendant and had nothing to do with any evidence brought out during the defendant's case. In the instant case, the State called Dr. Dolehide in rebuttal to contradict evidence offered by the defendant.

■■■ The defendant finally claims the trial court erred in permitting Officer Kooyenga to describe certain items seized from the defendant but not introduced in evidence nor preserved by the State. These items

 

were the defendant's scrub suit, the towel in which defendant carried the gun and knife and a piece of tape on the defendant's knife. Officer Kooyenga never had possession of the scrub suit or the towel. The tape was not in the possession of the State at the time of the trial. The knife was submitted by Officer Kooyenga to the Chicago Police Crime Laboratory. The knife admitted into evidence did not have the tape on it. The State claimed it did not have the tapes. We agree that normally, failure to present evidence in possession of a party creates an inference the evidence would be unfavorable to it.

None of the cases cited by the defendant deal with the admissibility of testimony concerning an item not introduced. The cases involve the inference which arises from the failure to produce such witnesses as evidence. In addition the evidence in the instant case was not available to the State.

The judgment of conviction of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

DIERINGER, P. J., and BURMAN, J., concur.